MEMORANDUM **
Angel Jose Bermudez appeals from the 41-month sentence imposed following his guilty-plea conviction for the transportation of illegal aliens and aiding and abetting, in violation of 8 U.S.C. § 1324(a)(l)(A)(ii) and (v)(II). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
Bermudez contends that the district court erred at sentencing by applying one part of the United States Sentencing Guidelines to increase his punishment on account of a kind of harm that already had been fully accounted for by the application of another part of the Guidelines. This contention is belied by the record. See United States v. Archdale, 229 F.3d 861, 869 (9th Cir.2000). It was proper for the district court to consult the Sentencing Guidelines as well as the other factors set forth in 18 U.S.C. § 3553(a). See United States v. Booker, 543 U.S. 220, 259-60, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005); Cf. Rita v. United States, 551 U.S. 338, 127 S.Ct. 2456, 2463-65, 168 L.Ed.2d 203 (2007) (recognizing that the Guidelines were designed to try to reflect the factors set forth in § 3553(a)).
Bermudez also contends that the district court erred when it denied him a downward departure for his willingness to accept a package plea agreement. We review the sentence for x-easonableness. See United States v. Dallman, 533 F.3d 755, 761 (9th Cir.2008). In light of the § 3553(a) factors and the totality of the circumstances, we conclude that the sentence was not unreasonable. See Gall v. United States, 552 U.S. 38, 128 S.Ct. 586, 596, 169 L.Ed.2d 445 (2007); Booker, 543 U.S. at 260-63, 125 S.Ct. 738; cf. United States v. Marcial-Santiago, 447 F.3d 715, 717-19 (9th Cir.2006).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.